**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUFAT RUSTAMOVICH RAKHMATILLAEV | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-04498 |
| JAMISON, et al., | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 6th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1) and the Government's Letter Response dated July 2, 2026 (ECF No.

3), **IT IS HEREBY ORDERED** as follows:

1.  The Petition (ECF No. 1) is **GRANTED**;[1]

2.  Mr. Rakhmatillaev is not subject to mandatory detention under 8 U.S.C. §

1225(b)(2);

---

[1] Mr. Rakhmatillaev is a native of Uzbekistan who entered the United States in 2023 and has remained in the country continuously since that time. *See* Verified Pet. for Writ of Habeas Corpus ¶ 17 (ECF No. 1). According to the Petition, Mr. Rakhmatillaev established community in Philadelphia and has obtained employment authorization. *See id.* at ¶ 19. On June 27, 2026, officers with the Department of Homeland Security detained Mr. Rakhmatillaev. *See id.* at ¶ 21. Petitioner argues that he is currently being unlawfully detained at the Philadelphia Federal Detention Center.

The Government contends that Mr. Rakhmatillaev is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and Mr. Rakhmatillaev's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

Accordingly, Mr. Rakhmatillaev's mandatory detention without the opportunity for a bail hearing is unlawful.

3. The Government shall **RELEASE** Mr. Rakhmatillaev from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on July 8, 2026**;

4. If the Government chooses to pursue re-detention of Mr. Rakhmatillaev pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

/s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.